No. 26,836.

THE RANCHMEN'S STATE BANK, *Appellee,* v. C. E. COOPER et al.,
*Appellants.*

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Trade Acceptance—Waiver of Protest—Instructions.* In an
action by a bank to recover on a trade acceptance, the proceedings considered and an instruction set out in the opinion held to be erroneous.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK,
judge. Opinion filed March 12, 1927. Reversed.

*John Madden* and *John Madden, Jr.,* both of Wichita, for the appellants.
*Jean Madalene,* of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover from the indorsers
of a trade acceptance. Plaintiff prevailed against the defendant
Cooper, who appeals.

The instrument in question reads:

"TRADE ACCEPTANCE No. 1917.
"$2,500.                              WICHITA, KANSAS, Sept. 2, 1921.

Thirty days after date pay to the order of Ourselves the sum of $2,500 and
00 cts. For merchandise sold to drawee. The obligation of the acceptor of
this bill arises out of the purchase of goods from the drawer.

*To Red Ball Oil Company,*                RED BALL REFINING COMPANY,
    *Wichita, Kansas.*                       By C. E. COOPER, *Pres."*

The acceptance was indorsed by the Red Ball Refining Company,
by C. E. Cooper, Pres., also by C. E. Cooper, A. H. Stone, C. A.
Morgan and C. C. Whittaker. It was accepted September 2, 1921,
payable at the Ranchmen's State Bank, Wichita, by the Red Ball
Oil Company, by C. E. Cooper, President. It was a renewal of one
of like character. The petition alleged that the original instrument
when due was surrendered in consideration of the delivery of the
instrument sued on and that the renewal of the instrument in question was by the express request of the defendants Cooper, Stone and
Morgan, and that the individual indorser, Cooper, personally promised to pay the obligation. Cooper himself denied that the acceptance was made for his accommodation and alleged that no presentment was made on him as indorser. Trial to a jury resulted in
a general verdict for plaintiff and against Cooper. The jury also

Bills and Notes, 8 C. J. pp. 700 n. 8, 1060 n. 32, 1081 n. 97.

answered special questions to the effect that at the time they indorsed the instrument, the defendants promised personally to pay it; that it was a renewal of a former instrument of like character, and that at the time of the execution of the original instrument it was agreed that certain money derived from the sale of refined products of crude oil to be purchased with the cash obtained by cashing the trade acceptance should be deposited in plaintiff bank and applied to the payment of the trade acceptance; that the defendants knew of such agreement; that the money derived from such sale was thereafter deposited with the plaintiff and checked out by the Red Ball Refining Company for other purposes; that the defendant, Cooper, knew this was being done but that Morgan and Stone did not, and that the knowledge of and acquiescence in such conduct evinced a clear intention on the part of the defendant, Cooper, to assume a personal liability and to pay the instrument sued on and to waive notice of dishonor.

Error is alleged in the instructions, and chiefly in the following:

"You are further instructed that if you should find by a preponderance of the evidence that, prior to the due date of the instrument herein sued upon, it was agreed between the bank and any particular defendant (and this will also apply to any particular defendant who you so find had knowledge of such agreement, if any) that crude oil was to be purchased with the money obtained from the cashing of the trade acceptances, and that such crude oil was to be refined and delivered to the Red Ball Oil Company, and that the money obtained from the sale of the refined products by the Red Ball Oil Company was to be deposited in the plaintiff bank and by the plaintiff bank applied to the payment of these trade acceptances, and you should further find by a preponderance of the evidence that from time to time sums thus obtained were so deposited in plaintiff bank and were checked out by the Red Ball Refining Company and used for other purposes, and you should further find by a preponderance of the evidence that such conduct on the part of the Red Ball Refining Company was known to any particular defendant, and you should further find by a preponderance of the evidence that such knowledge of such particular defendant of such agreement and subsequent conduct, and acquiescence by such defendant in such conduct, if you find that he did acquiesce in it, evidenced a clear intention on the part of such particular defendant to himself assume a personal liability to pay the instrument in question and to waive notice of dishonor, then you are instructed that such conduct on the part of such defendant, together with knowledge and acquiescence as aforesaid, would constitute a waiver of notice of dishonor by such defendant."

Complaint is made, and we think rightly, that the latter part of the instruction was misleading. The jury undoubtedly understood

therefrom that if the Red Ball Refining Company checked out the money which it had deposited under the agreement that it should be applied to the payment of the acceptance, and the defendant Cooper knew of this action and acquiesced therein, it evidenced a clear intention on his part to assume personal liability to pay the instrument in question and to waive notice of dishonor. We are of the opinion that the language naturally carried that assumption, which necessarily misled the jury and induced the verdict against the defendant, Cooper. In effect, it instructed that an indorser may become primarily liable on a bill of exchange merely by knowing and acquiescing in some action of the primary obligor over and beyond the indorser's obligation. There was evidence that at the time of the execution of the acceptance, Cooper and Whittaker informed the president of the bank that the purpose for which they intended to use the proceeds was to purchase crude oil to be used in the refinery and to pay any of the expenses that might be incurred in the transaction of that business; that at the time of the bank's receipt of the acceptance, Cooper said that undoubtedly they would be able to take care of it by the time it became due, and that subsequent to the due date of the obligation Cooper, Stone and Morgan repeatedly said that they would look after the obligation so far as their indorsements were concerned. This, in our opinion, was not a sufficient basis for the assumption of the court contained in the instruction to which objection is made, nor was the faulty instruction corrected by others.

The court undertook to tell the jury what facts, if they found them to be facts, would constitute a waiver of notice of dishonor. The instruction was erroneous because in effect the jury was told that if an indorser knows that the party primarily liable on the instrument has money in the bank with which to pay it at the time it is due, but uses the money for other purposes and does not apply it in payment of the debt and this fact is known and acquiesced in by the indorser, such conduct by the indorser evidences an intent on his part to become primarily liable notwithstanding a lack of presentment and notice of dishonor. This was not correct. The indorser may rely upon his contract of indorsement. His liability is fixed by the terms of the negotiable instrument's law.

Various questions touching the defendant's liability on the instrument in question were determined by the trial court adverse to plaintiff, from which no appeal was taken. Such matters need not

be again gone over. The question of defendant's implied waiver remains only to be disposed of. A contention by the defendant that the court erred in refusing to direct a verdict in his favor cannot be sustained.

The judgment is reversed and the cause remanded, with instructions to grant a new trial on the question of implied waiver only.